Hollister versus Hollister Incorporated versus Zassi Holdings. Good morning, Your Honor. May it please the court. Good morning, Your Honor. May it please the court. My name is Taylor Casey and I represent the appellants Zassi Holdings and Peter Bondi. This appeal concerns appellants' challenge of judgment of $9,200,000 entered in favor of appellees against appellants and the bifurcated liability jury trial verdict which this judgment is dependent upon. Appellants contend that this court should reverse the judgment entered below and remand for entry of judgment in favor of Zassi and Bondi or alternatively... It seems to me the biggest problem you have in this case is all the grounds that you want us to reverse on were grounds that you could have erased in the original go around and didn't and you want a second bite of the apple. Your Honor, I respectfully understand the court's position on that as well as the argument raised in the reply brief by opposing counsel about that. I would respectfully dissent or decline to accept that position. The reason being is on the first appeal, we did try and file a cross appeal. That cross appeal was dismissed for lack of standing. Let me tell you something about that. Here's the way it works. From a judge's perspective about a cross appeal, we get a cross appeal and that means I get five briefs to read, not three. We're pretty strict about that. If your position is that the judgment below can be affirmed based on alternative grounds supported by the record, even if the district court did not address those, that's not the stuff of a cross appeal. That's just a separate argument that you can make in a red brief. That's why we don't allow parties to file extra briefs and give us extra reading when all of that can be addressed in the three briefs that the rules ordinarily allow. You've got the opportunity to make those kinds of arguments. It's not the proper subject of a cross appeal. Cross appeal is when you've lost on an issue and you want us to review that ruling that you lost on it. You won and you were up here defending that judgment. You can defend the judgment on any ground supported by the record to the extent that you've made a record. I understand that, Your Honor, but I would present to the court the position is if you're limited to that, you're not given as much leadway obviously. There's differences of the amount of a response you can get when you're confined to limited resources. If you need extra pages, you can move for extra pages, but you have the opportunity to make that argument. What you said earlier that set me off on this rant is you are not given the opportunity to file a cross appeal. It wouldn't have been a proper cross appeal. That's why you weren't given that opportunity, but you could make the very arguments we're talking about. That's what it seems to me you failed to understand. Yes, Your Honor. Mr. Casey, just a minute. Judge Corrigan entered a final judgment. It's a complicated procedural case he didn't go through because of the patent issues, but when he was all settled and done, he took the jury verdict, which you lost, and he took his ruling on damages, which you won, and he put it together in a final judgment. It's referred to as a final judgment. The district court later referred to it. In that opinion, the second opinion referred to the first one as a final judgment, and this court has liability, but you won the case. You had the opportunity to appeal that liability finding, and now you argue all these liability issues, but you didn't appeal it. You tried to come in on a cross appeal, which is another way of looking at that. Judge Wyerkins, what you won is a judgment of no liability for any amount, zero dollar liability. That's what you won, and if you had an argument for why you should have gotten that as a matter of law as opposed to a matter of failure of proof about damages, then you can make that argument. Judge Corrigan let it go to a jury, but you had arguments for why it shouldn't have gone to the jury. You could have made that as an alternative ground for affirming the judgment of zero liability. Yes, your honor, and I would agree with that statement. We could have. We had the permissible opportunity to raise that as an alternative grounds, but the only issue I believe that was raised as an alternative ground would have been the denial of the rule 50 B motion, which the court on the first appeal did address in a footnote. Your honors, I believe that we would still be able to allow the court to address the liability issues even if they were not raised as a permissible argument for upholding on the appeal. I don't believe their foreclosure being considered on this appeal. You had your opportunity to do that, and so when it goes back to Judge Corrigan, we're going back for a more limited purpose, and that's for the proof of damages issue and our trial on that, and we don't go back then on the second appeal and relitigate everything that could have been raised in the first appeal. At that point, it becomes law of the case. And your honor, I would just respectfully disagree with the position that it was law of the case if it hadn't actually been addressed simply because there was an opportunity to be addressed by the district court. See, that's the problem, and you didn't contest it on appeal. You didn't or you didn't, you know, make an argument about that issue. At some point, we just that the point of the case is we don't continually relitigate issues at different stages. That's what all the case is about. I understand that, your honor. It would just be our position that these arguments on liability could still be considered by the court in light of the dismissal of the cross appeal, even though they could have been raised as permissible arguments or alternative basis, your honor. Mr. Casey, you have an argument on damages. You're about out of time. Maybe you want to make your argument on the damages side. Your honor, on the damages argument, we would just point out that this case was about the negotiation. This acquisition was about Hollister acquiring assets, a BMS product line. They were acquiring an entire product line, and the whole focus of their acquisition was on the ability of that product line to compete in the market head-to-head with the opposing product that was already out in the market, the known product by Comitech FMS. During the deal, there was nothing that was negotiated having to do with any potential claim of infringement. Nobody focused on that. There was no value negotiated for that, and so it would be our position. There's no value that was there. It wasn't material to the party's decision to go into this transaction, whether or not there could have been some potential claim of infringement against Comitech FMS, and because that was not a part of the bargain or the benefit of the bargain that was negotiated, there really was no value the parties placed on a potential claim of infringement, and so since there was no value placed on it, no value paid for that, there was really no damage to Hollister. They got what they bargained for. They got the ability to compete in the marketplace. All right, so we sent that case back for him to try the issue of damages with a lot of talk about damages. What did Judge Corrigan do wrong? What's his mistake? On the damages, the only thing we could we didn't raise anything on this appeal on the damages because if the liability verdict is stands, which is the closest thing you did was the failure to medicate, but that's not something you raised in the district court. Correct, and that was going to the two points that were made about the liability trials that terms of the Comitech release prior to the closing of the acquisition, and secondarily, that the release was not an encumbrance in pairing good and marketable title to the 583 patent at the time of the closing of the acquisition in September of 2006, Your Honors. So are you abandoning your argument about failure to mitigate? No, Your Honors, but I believe based on the case law, obviously our position is that there was not an encumbrance and that they should have known of that. And if either of those things are correct, even though the court's indicating, I believe, indicating that she was. Yeah, I think what you admitted to earlier was that, as I pointed out, you didn't raise the failure to medicate argument at the district court. You're raising that for the first time on appeal, not during the second damages trial. I think it was raised during the first damages trial, Your Honor. Any other questions? Mr. Jakes. Good morning, and may it please the court. Frank Jakes of Johnson Pope in Tampa, Florida, on behalf of Hollister in this second appeal of a almost nine year odyssey. I believe the court has adequately framed the issue, which is our opening issue, which is what is really before the court today. And in that regard, we believe, as I believe the court recognizes, that issues pertaining to liability necessarily should have, and in fact, in part were brought in the first appeal. Once the first appeal was concluded with a remand to the district court solely for a retrial on damages consistent with the first panel's opinion, the case as to liability was closed in this proceeding. Whether we look at that from a question of waiver, as we cite in Wasiewski and the binding opinion in Martin, whether you look at that case from a perspective of law of the case, as we reference in the Heath Coat and that, this, that, and the other gift tobacco cases of this court, or whether you look at it as an extension of the mandate rule, or even a limited exception under Zdanok of the Second Circuit on the res judicata application, the basic principle is the same. They had an opportunity. In fact, they exercised that opportunity, at least as to the issue of the non-reliance clause, which was expressly briefed and considered by the first panel. So that opportunity, having been exhausted and for reasons that still go unexplained, we don't know why these other liability issues were not briefed or addressed. So we'll just have to leave that question mark dangling there for this, for this case. The liability issues are over. So that brings us to what we believe is the only issue properly before this court. And I use the word property with figurative quotation marks, because they brief the appellee, excuse me, the appellant's brief, one issue regarding damages, and that's at section I of their brief. And what troubles me is what I heard just now, an oral argument from the appellants, when Judge Watkins asked to focus upon the damage argument, was actually a new characterization of an argument that they haven't presented, which is they want to say that the damages issue is one of materiality. It's one of known or should have known. Well, of course, materiality and known and should have known were issues that were resolved in the liability case. And really, that was just an attempt to was, quote, properly raised. Well, in the brief, the issue that they present to this court is one of failure to mitigate under the argument that went into district court after remand, right? And, and yes, Your Honor is absolutely correct. And what is a little bit awkward, I suppose, for an advocate is to constantly having to say the word waived in a case. And I'm afraid it is waived. I don't know what would be frustrating about that. I would think as an advocate, who's an appellee, it would be delightful. Well, understood. And certainly that is not only our position, but I think that's the outcome here. We have an issue that if you look at the record, there were no witnesses presented to Judge Corrigan below. There, since it was a bench trial, there was no closing argument at the bench trial. There were instead post-trial proposed findings, fact conclusions of law. Now, one would presume that if you, as a defendant, had a position of failure to mitigate, you would tell the district court what that position was. That did not occur. Judge Corrigan didn't know this argument. It wasn't presented to him. We certainly didn't see it coming and didn't have the chance to discuss it. So it's gone. But perhaps more to the point, it doesn't matter. The issue is simply an incorrect legal principle. The argument distilled is the contention that somehow the release, the concealed and the fraudulently concealed Convitec release was invalid because it was never recorded under Section 261 of Title 35 of the Patent Act. And when one looks at that section, one finds that the only issue regarding recordation concerns actual assignments or conveyances of the ownership interest in a patent. Not a release, not a license, not a covenant not to sue, not a lien. None of those things are required to be recorded to be effective. One case that was inadvertently not placed in our brief that I would at least like to share with the court is a Ninth Circuit decision in Ray Cybernetics Services reported at 252 F. 3rd 1039, specifically at pages 1049 to 52. It deals with exactly this statute and expresses very clearly the intent of Congress that the recordation statute only concerns ownership interest transfers. Not a license, not a release, not a covenant not to sue, not a lien, and none of those things have to be recorded to be effective. So even if this had been raised before Judge Corrigan, even if they presented evidence to raise it before Judge Corrigan, the predicate legal principle simply is incorrect. If we had raised, if Hollister had raised that argument in the Convitec patent infringement litigation as an effort or as a basis to avoid the fraudulently concealed release, we would have lost and arguably could have been sanctioned for making a legally unfounded argument. So for that reason, the only issue on damages that is briefed in this appeal is not well taken. And if there are no other questions, we appreciate the court's time, but remain open to anything that may be of concern. Thank you. Well, thank you, Mr. Jakes. Mr. Casey, you've saved five minutes for rebuttal. Yes, Your Honor. Your Honor, if the court is inclined to hold that the liability issues that we've challenged on this appeal are waived or abandoned, then I believe there's really no arguments. I get that impression from the court's questioning. It's pretty straightforward. The that there is case law. I think the one case that we cited that the law of the case doctrine wouldn't necessarily affect this particular case would be Heathcote versus Potts. It's 11th Circuit case in 1990, indicating it would only apply to previously decided issues, not issues that could have been decided but were not decided. And so we would ask the court to consider the liability issues based on that. And also it says there's three reasons that you could consider that even if it could have been decided before. And that would be a different trial produces substantially different evidence. Controlling legal authority has changed or the prior decision was clearly erroneous and will work to manifest injustice. I'd like to just focus on number three first. And I'd also like to focus on the liability trial verdict that was based upon the improper exclusion of Exhibit W. Exhibit W was a critical documentary piece of evidence during the liability trial. It was the only document that evidence that Comitech released had been disclosed by Zossi personnel to Hollister during the course of their due diligence. And that would have properly established a statute of limitations defense to the fraud claims. We believe that the statement, the handwritten notations on that particular Exhibit W in response to question 7.16 were those of John Swanson. It was made during the course and scope of his employment. And so it wouldn't have been a hearsay statement. It would have been the admission of a party opponent that's non hearsay. And based on that, it should have been admitted during the course of the liability trial. That was not harmless error. It was a material exclusion of evidence. And it allowed the plaintiff's counsel to argue that because there was no document evidencing this disclosure of Comitech settlement, that it in fact had been concealed. And we believe that altered the outcome of the trial. And that had that exhibit been admitted, the outcome would have been different. For that reason, we believe it is an abuse of discretion to exclude that piece of evidence. We also believe because that piece of evidence was excluded, the new trial should not have been denied the most for new trial by Zossi and Hollister post liability trial. And so we believe that those are clear errors in the exclusion of that evidence and then in the denial of the new trial, that even if that should have been raised in or could have been raised in the first appeal, in this case, that they're properly before the court on the review for that third issue, that it would be clearly erroneous not to allow a new trial or to allow a new trial, including the admission of that exhibit W as evidence. You understand the problem that we would have, you know, where we have a trial on liability, a finding of no damages, and we have an appeal and arguments are made in support of the judgment of no liability that are rejected by the earlier panel, the first appeal, and then it goes back for a trial on damages. And then after the district court does all that work, and makes a determination on the second go around about the damages, we have a do over, and we come back, and we have arguments about why we should have never had to do over at the first place. But that's really no way to run a piece of litigation. I understand the court's position on that, Your Honor. And the only thing that I would point out in response to that is that when you're dealing with a limited amount of choices on reasons for upholding the first appeal, it places the appellee in a difficult position if there are multiple issues that could be raised. With this case, I would say it's even more so exasperated. It's exaggerated in a situation where the procedural posture of the case has multiple, it's bifurcated. You've got two trials, one bench trial, one jury trial, and so now you're dealing with a limited amount of basis or reasons that you can raise on upholding that judgment. That's why you need to raise the good arguments in the first go around, because if they aren't, then... I understand your position, Your Honor. ...something else. Thank you, Your Honor. Thank you, Mr. Casey. We have your case. We'll be in recess until tomorrow.